

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-89,156-01 AND WR-89,156-02

## EX PARTE LAQUINTIN JEROME GREEN, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. W16-41556-N (A) AND W16-41557-N (A) IN THE 195TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to one charge of trafficking of persons and one charge of assault with family violence, and was sentenced to ten years' imprisonment for the trafficking charge, and five years' imprisonment for the assault charge, to run concurrently. He did not appeal his convictions.

Applicant contends that his trial counsel rendered ineffective assistance for various reasons. On April 30, 2018, the trial court signed orders designating issues in both cases, designating

Applicant's ineffective assistance of trial counsel claims to be resolved. However, when more than 180 days had elapsed since the date upon which the State was served with the applications, the district clerk properly forwarded both applications to this Court as required by Rule 73.4(b)(5) of the Texas Rules of Appellate Procedure, without further information, affidavits, or findings of fact from the trial court to address Applicant's allegations.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. Specifically, trial counsel shall state what advice, if any, he gave to Applicant regarding the "aggravated" or "3g" nature of the offenses and regarding Applicant's parole eligibility for the charges to which he was pleading guilty. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: November 21, 2018
Do not publish